IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| BECKY BELT, KAREN JENKINS, MARSHA LAND, and JENNIFER LINCOLN,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MARION COMMUNITY UNIT SCHOOL DISTRICT NO. 2,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. 05-4132-JPG<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REQUEST FOR REVIEW OF MAGISTRATE'S ORDER DENYING PLAINTIFFS' ORAL MOTION TO COMPEL DEFENDANT TO PRODUCE THE VERBATIM RECORD FROM CLOSED SCHOOL BOARD MEETINGS**

NOW COME Plaintiffs Becky Belt, Karen Jenkins, Marsha Land and Jennifer Lincoln, through their attorneys, pursuant to SDIL-LR 73.1(a) and move this Court to compel Defendant to produce the verbatim record of certain closed school board meetings, and set aside the Magistrate's order denying the same. In support of their motion, Plaintiffs state as follows:

　　　1.　　On or about January 27, 2006, Plaintiffs served Request for Production No. 27 on Defendant, seeking production of the following information:

　　A copy of the verbatim record of all closed Board of Education meetings for the period of September 2003 through July 14, 2005 during which any of the following subjects were discussed:

　　　　a.　　Jennifer Lincoln's December 2003 presentation to the Board of Education about attendance centers;

　　　　b.　　The January and February 2005 meetings held by teachers at Washington School with individual board members;

   c.  The meeting Becky Belt held at her home with fellow teachers in January 2005;

   d.  Any speech activities engaged in by Plaintiffs;

   e.  The District's justification for the involuntary transfers effective the 2005/2006 school year.

2. Defendant refused to provide the verbatim record of any closed session meetings based upon the following objections:

> Defendant objects to Request for Production No. 27 as it seeks information protected by the qualified immunity and attorney-client privileges and the work-product doctrine. Defendant further objects to Request for Production No. 27 on the grounds that it seeks information protected by the Family Educational Rights and Privacy Act ("FERPA"). Moreover, pursuant to 5 ILCS 120/2(c), 5 ILCS 120/2.06, and 5 ILCS 120/2a, Defendant may not produce verbatim recordings of closed sessions.

3. The parties held a conference call with the Honorable Judge Frazier to resolve various discovery disputes on March 9, 2006. As relevant to this motion, Judge Frazier ruled that the verbatim records were not discoverable based upon a provision in the Open Meetings Act, 5 ILCS 120/2.06(e) which provides that "the verbatim record of a meeting closed to the public shall not be open for public inspection or subject to discovery in any administrative or judicial proceeding other than one brought to enforce this Act."

4. "Evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized must be narrowly construed." *Memorial Hospital For McHenry County v. Shadur*, 664 F.2d 1058, 1061-62 (7th Cir. 1982).

5. State law privileges do not govern in federal question suits like this one.

A district court is not required to apply state law in determining whether material sought during discovery is privileged. For instance, in *Memorial Hospital for McHenry County*, the Seventh Circuit ordered the hospital to produce records of disciplinary proceedings despite the fact that Illinois state law provided that such records were not admissible as evidence before any tribunal and that disclosure of such information constituted a Class A misdemeanor. 664 F.2d 1058; *See also*, *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (holding that more stringent state law governing disclosure of medical records did not apply to federal question suit); and *Grothaus v. Board of Education of East Alton Elementary District Number 13*, 3:04-CV-713-DRH (S.D. Ill. September 12, 2005) (Judge Wilkerson ordered school district to turn over closed session transcript and recording for *in camera* review) (Plaintiffs' Exhibit 1).

      6.     Before applying a state law privilege to a federal claim the court must determine whether the policies behind that privilege outweigh the need to ascertain the truth. *Memorial Hospital for McHenry County*, 664 F.2d at 1061 (citation omitted). Here, Plaintiffs have an overriding interest in the Court compelling production. Plaintiffs need full disclosure of all relevant evidence, and these recordings are relevant as they likely contain direct evidence regarding the superintendent's knowledge of speech activities, who made the transfer decisions, and the District's stated reasons for the transfers. Additionally, Plaintiffs' claims allege a violation of the First Amendment. If Plaintiffs prove their claim, they vindicate not only their own right to speak out but also the strong public interest in free and open communication. By contrast, Defendant has

little interest in keeping recordings of meetings concerning these topics confidential, and the Court can enter a protective order as it has for personnel records.

7. Furthermore, the policy behind closing public meetings on personnel matters is to protect employee privacy. Given that Plaintiffs' request is limited to closed sessions in which the board discussed certain speech activities and the transfers effective the 2005/06 school year, there would be no real infringement on privacy here. Discussions of topics not responsive to Plaintiffs' request can be redacted. Moreover, Defendant does not have an interest in keeping confidential evidence of its knowledge of speech activities or its own possible wrong-doing. *Memorial Hospital for McHenry County*, 664 F.2d at 1063 (to recognize disciplinary proceedings as privileged would in effect grant committees absolute immunity for statements at meetings; Illinois law does not go that far).

8. Regarding Defendant's claim that an attorney/client privilege is applicable to some or all of the verbatim transcripts, Plaintiffs note that the mere fact that an attorney is present does not make the verbatim record undiscoverable. *Welstein v. San Tropai Condominium Master Association*, 189 F.R.D. 371 (N.D. Ill. 1999). Instead, in order to be privileged, the verbatim records must demonstrate that Defendant was seeking legal advice from attorneys present and even then, under *Welstein*, portions of the record concerning the Board of Education's actions (such as in response to Board members meeting with teachers) and why it took those actions is discoverable. *Id.* at 380.

9. With respect to the requests for recordings of discussions regarding the speech activities specified above, before May 31, 2005 there was no pending or threatened litigation. Therefore, Plaintiffs request that the Court review *in camera* the verbatim record of any closed sessions occurring before May 31, 2005 that Defendant claims is subject to an attorney/client privilege to ensure that the attorney-client privilege in fact attaches to all or part of the discussion.

10. Also, regarding a relevant closed meeting which occurred on February 22, 2005, even if attorneys did provide legal advice regarding certain speech activities at that meeting, the verbatim record is discoverable because Defendant has waived any applicable attorney/client privilege in an affidavit signed by the superintendent, in which he summarized the discussions at that meeting. (Attached to Defendant's summary judgment motion as Exhibit 3, paragraph 57). In his affidavit, Dr. Hudgens states:

> The Board of Education went into closed session, raising "personnel" as the reason for closing the meeting, on February 22, 2005. During this closed session, the Board discussed with me that some members of the Board had received concerns from teachers regarding a lack of communication between the administration and the staff. We discussed that some of the Board members had individual meetings, not as a Board, with some teachers and that the primary focus of the meetings was to discuss the lack of communication. I was also advised that teachers asked about my personnel evaluation, the length of my employment contract with the District, and what factors were considered in the recent extension of my contract. At no time, did the Board discuss with me that teachers had discussed attendance centers, class size, reading groups or testing during these individual meetings. Additionally, when discussing the meetings that were held with individual Board members, no Board member mentioned any particular teacher's name, nor did anyone mention a particular school, or any particular group of teachers.

(Attached as Plaintiffs' Exhibit 2). Defendant has put Dr. Hudgens' knowledge of speech activities at issue, and Plaintiffs are entitled to the best evidence of his knowledge – the verbatim transcripts from closed sessions occurring before May 31, 2005 which contain discussions about the specified speech activities.

      11.     Moreover, an attorney-client privilege is not applicable to meetings the Board closed to discuss personnel issues rather than to obtain legal advice. *See*, *Larson v. Harrington*, 11 F. Supp. 2d 1198, 1200-01 (N.D. Cal. 1998) (if board meets in closed session with its attorney to discuss personnel matters rather than to obtain legal advice, the attorney-client privilege does not apply).

      12.     Finally, regarding closed session meetings after May 31, 2005, in which Defendant discussed the transfers and/or Plaintiffs' speech activities and an attorney was present to discuss potential litigation, Plaintiffs concede that the verbatim record from such meetings would be subject to an attorney/client privilege. Therefore, Plaintiffs ask that the Court order Defendant to provide the responsive recordings from those closed session meetings after May 31, 2005 where an attorney was not present and allow a redaction of any discussions of advice from Defendant's attorneys.

      WHEREFORE, Plaintiffs respectfully request that this Court order Defendant to produce a copy of the requested verbatim record as specified above, and order Defendant to pay Plaintiffs' legal fees for bringing this motion.

        Respectfully Submitted,

        SCHUCHAT, COOK & WERNER

        /s/ Stacey A. Aschemann_____
        Sally E. Barker (Mo. Bar No. 26069)
        Christopher T. Hexter (Ill. Bar No. 6242379)
        The Shell Building, Second Floor
        1221 Locust Street
        St. Louis, Missouri 63103-2364
        (314) 621-2626
        Fax: (314) 621-2378
            -and-
        Stacey A. Aschemann (Ill. Bar. No. 6257579)
        521 Canary Lane
        Carterville, Illinois 62918
        (618) 985-8644
        Fax: (618) 985-8643

        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on this 20th day of March, 2006, a copy of the foregoing was served via the Court's electronic filing system on Margaret A. Hesse and Merry C. Rhoades, Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C., 101 West Vandalia, Suite 210, Edwardsville, Illinois 62025.

        /s/ Stacey A. Aschemann_____
        Stacey A. Aschemann

287321.WPD